

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 17, 2020

MEMO ENDORSED

The Government's motion for a protective order is granted. The parties are directed to submit a fully executed proposed protective order by September 25, 2020.

SO ORDERED.

Paul G. Gardephe
United States District Judge
September 23, 2020

**By Email and ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *United States v. James Hoskins*, 20 Cr. 399

Dear Judge Gardephe:

The Government respectfully submits this letter to request that the Court enter the proposed protective order attached hereto as Exhibit A (the "Second Proposed Protective Order").

**I.   Relevant Background**

On August 18, 2020, the Government filed a motion seeking entry of a proposed protective order (the "First Proposed Protective Order"), which primarily sought to protect all discovery material in this case from disclosure to non-designated third parties and/or the media (the "First Motion"). (ECF No. 9.) On August 21, 2020, the Defendant responded in opposition, attaching his proposed protective order (the "Defendant's Proposed Protective Order"). (ECF No. 12.) On August 24, 2020, the Government submitted a reply in support of its First Motion, outlining the various ways that discovery in this case contained personal identifying information that would be harmful if publicly disclosed. (ECF No. 13.)

On August 28, 2020, the Court held a hearing to address the First Motion. The Court denied the First Motion, finding that the First Proposed Protective Order was overbroad and thus, risked chilling defense counsel's efforts to investigate the case. (Aug. 28, 2020 Hearing Transcript, attached hereto as Ex. B, 8:5-7; 8:23-9:2.) The Court, however, noted that there appeared to be "some privacy concerns," which may warrant a "modified version of the [Defendant's Proposed Protective Order]." (Ex. B 13:9-12.)

**II. The Second Proposed Protective Order**

Following the August 28, 2020 hearing, the Government and defense counsel met and conferred regarding the specific discovery in this case and a proposed protective order.[1] The model for the proposed protective order discussions was the Defendant's Proposed Protective Order, which the Court indicated that it was prepared to enter if a protective order was warranted in the case. The parties discussed the particular nature of the discovery materials in this case, including, among other things, privacy concerns relating to certain NYPD body worn camera ("BWC") footage and various private phone records and messages not amenable to redactions.[2] The parties agreed that certain materials in the Government's disclosure materials may "(i) affect the privacy interests of individuals; or (ii) expose sensitive personal information." In these instances, pursuant to the Second Proposed Protective Order, the Government will apply a "Confidential Information" designation, which will be subject to challenge by the defendant, if necessary, based upon an the procedures outlined in Paragraph 3 of the Second Proposed Protective Order.

The dispute between the parties with respect to the Second Proposed Protective Order relates to two points—(1) the inclusion of Paragraph 5, which further clarifies that Confidential Information should not be posted on the Internet or to the media or any other non-designated third party by either party; and (2) as outlined in Paragraphs 2 and 8, the standard for evaluating defense counsel's efforts in maintaining records of what and to whom Confidential Information has been disclosed and returning or destroying Confidential Information at the conclusion of the case.

Paragraph 5 of the Second Proposed Protective Order states:

5. The parties shall not post any Confidential Information on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Information to the media or any other third party, except as set forth herein.

---

[1] On or about September 2, 2020, the Government noted to defense counsel that the Defendant's proposed revisions would require further internal consultation, which necessitated a delay. The Government offered to provide defense counsel with discovery immediately under the First Proposed Protective Order, which would be limited in duration until a new protective order could be agreed upon and entered by the Court. Defense counsel rejected this proposal.

[2] The Government's Reply in support of its First Motion discusses the categories of discovery materials in this case and the privacy concerns associated with each category. (ECF No. __.) Because the discovery dispute does not turn on the nature of the discovery material likely to be designated as "Confidential Information," but rather clarification as to whom can receive such information and the efforts defense counsel must take in tracking to whom Confidential Information is disclosed, the Government does not discuss the specifics of the discovery material in this Motion.

The disputed language in Paragraphs 2 and 8 of the Second Proposed Protective Order states:

> 2. . . . . Defense counsel shall maintain a record of what information has been disclosed to which such persons.
>
> 8. Except for Confidential Information that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Information, including the seized ESI Confidential Information, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

### III. Applicable Law

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). In determining whether "good cause" exists to implement a protective order, courts look to whether the party seeking a protective order has shown that "'disclosure will result in a clearly defined, specific and serious injury.'" *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013). The standard also requires the Court to "balance several interests, including whether dissemination of the discovery materials inflicts hazards to others, and whether the imposition of the protective order would prejudice the defendant, . . . and the public's interest in the information against the injuries that disclosure would cause." *Smith*, 985 F. Supp. 2d at 523 (internal citations and citation marks omitted).

### IV. Discussion

Pursuant to the Second Proposed Protective Order, any designation of Confidential Information in this case relates to disclosure material that affects the privacy interests of individuals or exposes sensitive personal information that would cause harm if improperly disclosed. As a result, proper handling of such materials by both parties with expressly defined procedures is warranted.

Paragraph 5 is included to ensure that *both* parties do not improperly disclose Confidential Information or maintain Confidential Information in a manner that risks improper disclosure to anyone other than the "Designated Parties" as defined in Paragraph 2. Notably, this language is verbatim from the Defendant's Proposed Protective Order dated August 21, 2020. (ECF No. 12, Ex. A ¶ 5.) This provision does not in any way prevent defense counsel from maintaining and reviewing Confidential Information on its computers. The provision merely ensures that parties take steps to prevent the inadvertent (or intentional) disclosure of Confidential Information to non-Designated Parties by ensuring that all individuals who receive Confidential Information, including prospective witnesses who may be unfamiliar with procedures governing the case, are

aware of the restrictions placed on the disclosure of Confidential Information. Moreover, if either party determines that further disclosure of Confidential Information is warranted to others not expressly identified as Designated Parties, the Second Proposed Protective Order provides various mechanisms for doing so, such as by court authorization and/or written approval by the Government absent court authorization. (*See* Ex. A ¶¶ 2(d) and 6.) Finally, the express language in Paragraph 5 minimizes the risk that either party would have to comply with a subpoena from a non-Designated Party for Confidential Information. Failing to account for and properly address this scenario merely because it has yet to occur ignores the fact that the bright line rule is designed to efficiently and effectively resolve any such issue absent protracted and/or unnecessary litigation.

The language in Paragraph 2 and 8 requiring defense counsel to maintain a list of what Confidential Information has been disclosed and to whom, and thereafter, to return or securely destroy Confidential Information following the conclusion of the case is necessary to control the proper dissemination of such material. The defendant contends that these basic record keeping actions—essentially keeping an list of what Confidential Information has been disclosed and to whom—should not be a requirement, but rather evaluated under an undefined "reasonable effort" standard. There is no reason for an attorney to whom Confidential Information has been entrusted to do anything less than maintain an accurate list of (i) Designated Parties that received Confidential Information; (ii) record that these Designated Parties received a copy of the Protective Order and were advised that they are bound by the terms; and (iii) track which Confidential Information has been disclosed to whom. These are fundamental and basic record keeping actions that are necessary to minimize the risk that Confidential Information is improperly disclosed, which risks causing harm to others, and to later ensure that the Confidential Information that was not made part of the record in the case is returned or securely destroyed.

## V. Conclusion

For the foregoing reasons, the Government submits that good cause exists to issue the Second Proposed Protective Order attached hereto as Exhibit A.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: _____
Danielle M. Kudla
Assistant United States Attorney
(212) 637-2304

cc:  Marne Lenox (by Email and ECF)
     *Counsel for James Hoskins*

**S.D.N.Y. Local Criminal Rule 16.1 – Conference of Counsel**

    I, the undersigned, hereby affirm that Government counsel has conferred with defense counsel in a good faith effort to resolve by agreement the issues raised by this motion without the intervention of the Court and has been unable to reach agreement.

_____
Danielle M. Kudla
Assistant United States Attorney
(212) 637-2304

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **[Proposed] Protective Order** |
| v. | **20 Cr. 399 (PGG)** |
| James Hoskins, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**WHEREAS**, the Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material";

**WHEREAS**, the Government's disclosure material in this case may include Confidential Information that may (i) affect the privacy interests of individuals; or (ii) expose sensitive personal information;

**WHEREAS**, the entry of a protective order in this case will permit the Government to produce expeditiously Disclosure Material without further litigation or the need for substantial redactions, and will afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Information so designated by the Government shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. All Confidential Information possessed by the defense shall be maintained in a safe and secure manner.

2. Confidential Information may be disclosed by counsel to the following persons (hereinafter, "Designated Persons"):

(a) The defendant;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Potential witnesses ("Potential Witnesses") for purposes of defending this action; and

(d) Such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Confidential Information is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Confidential Information is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Persons that they are bound by the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

3.  The Government may designate Disclosure Material as Confidential Information by labeling such Disclosure Material as "Confidential." In the event of any dispute as to the Government's designation of particular Disclosure Material as Confidential Information, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Confidential Information designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of Disclosure Material as Confidential Information shall be controlling.

4.  The parties must comply with the Local Criminal Rules, including Rule 23.1, which prohibits "the release of non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication…if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice."

5.  The parties shall not post any Confidential Information on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Information to the media or any other third party, except as set forth herein.

6.  The Government may authorize, in writing, disclosure of Confidential Information beyond that otherwise permitted by this Order without further Order of this Court.

7.      This Order does not prevent the disclosure of any Confidential Information in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8.      Except for Confidential Information that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Information, including the seized ESI Confidential Information, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.  If Confidential Information is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9.      This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    Acting United States Attorney

by: _____  Date: _____
    Danielle M. Kudla
    Assistant United States Attorney


_____  Date: _____
Marne Lenox
Counsel for James Hoskins

SO ORDERED:

Dated:  New York, New York
         September \_\_, 2020

                                        _____
                                        THE HONORABLE PAUL G. GARDEPHE
                                        UNITED STATES DISTRICT JUDGE